Chezan, Mr. Herzog Good afternoon, your honors may it please the court Aaron Herzig for defendant appellant Michael Chezan Mr. Chezan has three main issues on appeal One is the trial court's denial of his motion to withdraw his guilty plea based on ineffective assistance of counsel Two is the trial court's determination that he waived his right to challenge the ineffectiveness of his criminal lawyer. Mr Durkin and third three sentencing enhancement errors I will rest on the briefs with regard to the sentencing errors unless the court has questions and we'll proceed to the other Issues. Mr. Chezan is a lawful permanent resident who has lived in the United States for 20 years He is married with two children who are citizens of the United States when he was faced with the criminal charges in this in these cases His primary concern was to avoid deportation. Deportation Breaks up his family. It was his primary concern and so that's what he talked to his Criminal defense lawyer about and that's why they got an immigration specialist involved in his case What he learned from those lawyers was that he had two paths to avoid deportation in his case One was a plea agreement that avoided removal and or two was acquittal after trial So that led to the question, of course of how do you fashion a plea agreement that allows you to avoid removal? They consulted. Mr. Burton an immigration specialist. He read that the charges that Were at issue here were marriage fraud essentially document fraud with regard to marriages under 18 USC 1546 a The question then becomes whether pleading guilty to violations of 1546 a Are or are not aggravated felonies. Mr. Durkin opined his criminal lawyer said you are virtually certain to get one year in jail Which was one of the two Parameters for an aggravated felony. So the second question becomes Is mr. Chesson if he pleads guilty to violations of 1546 a Would that be considered an aggravated felony to determine that you look at 8 USC 1101 a 43 P and what mr. Burton? Said was when you read that statute It says that violations of 1546 a where you have more than one year in jail are in fact aggravated felonies But there's a parenthetical phrase that says 1546 a relating to document fraud. Mr. Burton spun out an argument that Relating to document fraud might be limiting language that would say that only certain portions of 1546 a Were violations that that were aggravated felonies That's one of the things that he told mr. Chesson. He told mr. Chesson that there was almost no case law on point at the time He told mr. Chesson that There are four unenumerated paragraphs in 1546 a he said if you plead to the fourth paragraph Which he aligned with counts three and six of the indictment that those were more about Misrepresentations to procure documents than actual document fraud changes in the documents themselves and so on his view is that he would have an argument that That the the document fraud under 1546 a was not an aggravated felony What mr. Chesson Wasn't told by mr. Burton was that four courts of appeals had rejected that argument Although the Seventh Circuit had not at the time for other context of different statutes in the context your honor of different portions of the immigration law, yes but He was articulating a possible argument that could be made in court, but not saying it was a good one or it was likely to succeed In fact if left with no other options, we might be able to argue this I think was the language it was it was far from a Sure thing as your client testified and tried to spin the advice at the evidentiary hearing which the magistrate judge rejected as Not credible your honor gets to the credibility question I think the way the way we read the law is credibility is in fact not an issue here under Padilla versus Kentucky Kentucky when the statute is truly clear a lawyer whether a specialist or not should give correct advice Right, but this issue is being litigated Actively it had never been decided in this circuit, so you can't say that It's truly clear one way or the other here with how with respect to how this statute would be interpreted by this court as later occurred in the I'd go with the Gorsh The Gorsh decision your honor. I think is is in fact the decision although it comes shortly after mr. Chesson pled guilty It's it's when this court says looking at the statute we cannot imagine a an interpretation of 1546 a the relating to document fraud parenthetical that makes that parenthetical limiting rather than Descriptive it cites four courts of appeal the four courts of appeals cases that I mentioned since then the 11th circuit has come on board I would argue your honor that where this court says that it cannot imagine the interpretation to be correct The right answer here would have been at least for mr. Burton to tell mr. Chesson what he did not know for instance four courts of appeals have rejected this argument No court of appeals has accepted my argument those would have been important pieces of information for mr. Chesson to know if he was going to knowingly involuntarily plead guilty Because his entire effort in pleading guilty was to avoid deportation Instead of having a chance it turned out he had no chance at all. Well your argument is that he should have He should have gone to trial because he might have been acquitted But did he have any defense Yes, your honor He should have gone to trial I think the question you ask is answered by the debartalo case in this court, which essentially says that even if There's a role just a roll of the dice is what the court said That is enough to show prejudice the second prong of the Strickland test And so to me debartalo answers that question that even if he has a slim chance of succeeding a trial Any rational person would take that chance if their goal is deportation not not When you say a slim chance what what would his defense be And your honor, I'm not opining on particularly his chances one way or another That's what His defense would be that the facts the facts don't bear out the the elements of of the criminal case He debated for a long time with his criminal defense lawyer about how he believed He should go to trial regardless of this issue. They ultimately His criminal defense lawyer at the time disagreed but he he would argue that the Elements of the of the case aren't met debartalo goes so far as to suggest that when it comes to a jury trial The burden of proof is such reasonable doubt with a jury in place that even if it's a roll of the dice The the prejudice is such that the defendant should be allowed that role of the dice. I See that I'm into my rebuttal time. I'll take other questions or Okay. Thank you. Thank you Mr. Fullerton May please the court The district court did not abuse this discretion refusing to allow mr. Chasen to withdraw his guilty plea He didn't establish an effective assistance of counsel as for it would have been required to allow him to do that he was a made keenly aware as the Magistrate judge found of the risks of deportation Connected to pleading guilty here. In fact all of the discussions he had with his Criminal defense attorney, mr. Durkan as well as with mr. Burton The immigration specialist who mr. Chasen hired Were premised on the notion that you are going to be deported unless this argument Which Burton described as a Hail Mary would be accepted by the immigration court it's a Chasen told was a Hail Mary. Yeah Burton testified and the magistrate found that Burton told Chasen in no uncertain terms at the chance of that this is a quote very very difficult argument to make and The chance the prospects of success were very low It's important to recognize it. Did he say to Chasen that the alternative would be to go to trial and Although he wouldn't have a high probability of acquittal it would be a possibility Then From what I read of the testimony before the magistrate judge that was never on the table That was never on the table that Chasen was going to go to trial in this case. In fact in November of Would have been November of 2010 right after he was indicted in the marriage fraud case  proffered to the prosecutors In who were had both the mortgage fraud and the marriage fraud case in other words, mr Chasen was looking from very early on to try to resolve these two cases Both short of trial and so I do you've gotten a longer sentence if he'd wanted trial and been convicted Oh, he well, he could have his his guideline range is calculated by the district I mean in other words did he get some sort of bargain? Length of prison sentence from pleading guilty in terms of a bargain plea with the government You know, it wasn't a plea agreement. It wasn't what it was not a plea agreement. This was a blind plea that But did he know what his sentence would be? I That I don't know your honor it's a short answer He's got guideline range was 87 to 108 months he got a 36 month sentence the blind plea that mr. Durkin was able to Craft with the advice of mr. Burton was In fact quite creative it it avoided a conviction on the mortgage fraud case Which was certainly an aggravated felony because the law succeeded $10,000 in that case it Avoided mr. Chazen having to admit that his Fraudulent conduct extended back before 2002. Did he accept responsibility? For example as part of the plea agreement I Think the government had sentencing Well, there was no plea agreement recall, but I believe it sentencing the government did concede that he had accepted responsibility. Yes I'm just I would like to be able I'd like to know what what the risk of a longer sentence was if he decided to go to trial You know, I I can't speak to whether there would have been a trial I Just don't know Well, what does I understand it? The alternative for him was to have a trial because there would be a chance of acquittal although small Because it would be small if he had a trial he'd probably be found guilty which wouldn't help him of course with his Deportation and then the question is what do you get a longer sentence? That would certainly be material to the question. Are you going to? Gamble on a trial knowing that you're likely to lose and if you do lose you're going to get a longer prison sentence Right, what I can say is it from very early on November 2010 Seems to have been no discussion by Chazen and his attorneys of Taking these cases to trial and remember he was facing two indictments both of which were or could have been Aggravated felonies if he were convicted both the mortgage fraud and the marriage fraud So he would have he would have had to defeat both cases to prevail on this In other words to be guaranteed not to be deported So he knew that his risks were compounded by having facing two indictments for aggravated felonies and Durkin's You know efforts were Objectively reasonable they were Can't say they were objectively not reasonable. They resulted in a dismissal of the mortgage fraud The Preservation of this argument that Chazen knew was a long shot and an avoidance of a written plea that the immigration attorney and Durkin thought would provide more fodder for the immigration authorities If they came looking for grounds to deport Chazen the absence of a written plea they thought would be helpful to them so you know the bottom line is that Chazen was certainly aware of the prospect of getting deported He was certainly aware that his chances of prevailing were very slim He actively worked with his attorneys to structure to try to structure his plea to avoid Maximize his chance of not getting deported And that's what he did and then so the district court did not abuse his discretion in denying this motion to withdraw Okay, well, thank you very much. Mr. Fullerton. Mr. Hersey Thank you, your honor, I think I can address a few of those questions first of all Although I could not find the site in the record immediately. Mr. Durkin absolutely testifies in our 151 the evidentiary in before the magistrate that he and mr. Chazen had long discussions about going to trial. Mr Durkin disagreed, but mr. Chazen absolutely wanted to go to trial Note as the government mentioned there is no plea agreement here I think the answer to your question your honor as to whether he would get a longer sentence is no the mortgage fraud The facts of the mortgage fraud became related conduct in the sentence in in the marriage fraud case So I don't think there would have been a material difference there and I would say that even de Bartolo answers that question again It doesn't really matter for prejudice sake There was no bargain here Importantly also no one ever admonished him that he would be automatically deported if he pled guilty to 1546 a it was not in the court's plea colloquy his Codefendant was sitting with him another Non-citizen of the United States the court with mr. Zabajnik sitting there said mr. Zabajnik You're not a citizen correct and went through and explained to him that deportation was a consequence. Mr Chazen sitting there with the same characteristics given no such warning by the court at all Not sure what someone's supposed to take from that But I was surprised that someone who was a lawful permanent lawful permanent resident would be automatically Deported if it's an aggravated felony your honor that is that the rule that yes your honor I couldn't do it to a citizen obviously Correct your honor Plus the one-year sentence right and well an aggravated felony is defined as a one-year sentence for the items listed in 1101 a 43 this one is under a subsection P The issue of the Hail Mary a football term not something that non-citizens are necessarily familiar with Hail Mary's work sometimes. They don't always work for when you look at the statistics on Hail Mary's they work once in a while This doesn't work. The government has never suggested that he isn't going to be mandatorily Deported the government hasn't conceded or offered that he would that they would not proceed With deportation because the advice was wrong when you look at the Third Circuit's most recent decision in Fazio They say that the advice here has to be automatic deportation They say that's the correct advice when automatic deportation is an issue look at you have to give that advice They decided there was no prejudice because the court had cured that prejudice But no such thing happened here in the Ninth Circuit Bonilla has said the same thing the Southern District of Indiana Has said that In Montez Flores, and I will butcher the name of Shu Feng Xia Which is in the Southern District of New York that all have come to the conclusion that when automatic deportation is at issue The only correct advice under Padilla is to tell the defendant that automatic deportation is what's coming They made it seem as though he had two paths to avoid deportation. He only had one They misled him about the case law that was so there's no suggestion that he might be able to plead Withholding or deferral of removal No your honor in fact they discussed the bond issue with the immigration lawyer And he said this would be the same path to allowing you to get bond in fact that is not the case either I see that my my time is up. I do have one procedural Request we did ask for a release pending appeal a different panel denied that but said at the time that the court would reconsider After hearing argument we think they're a strong justification for Reconsidering that motion mr.. Cheson is Scheduled to report on June 8 so we hope that you reconsider it quickly and allow him release Pending appeal because we think the right answer here is to allow him to withdraw his guilty plea and go to trial Thank you, well, thank you very much